IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| BETHANY K. COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-00440-WJE |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Bethany K. Cook seeks judicial review[1] of a final administrative decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 401–434, and supplemental security income ("SSI") under Title XVI of the SSA, 42 U.S.C. §§ 1382–1385. For the reasons that follow, the Court reverses and remands the decision of the Acting Commissioner for further consideration and development of the record.

**I. Background**

Ms. Cook filed a claim for DIB and SSI on January 8, 2019. (AR 15). She alleged a disability onset date of October 1, 2018, due to schizoaffective disorder. (*Id.* 15, 201). Her claims were initially denied on August 23, 2019. (*Id.* 15). She filed a written request for hearing before an Administrative Law Judge ("ALJ"), which was held on August 26, 2020. (*Id.*).

On November 4, 2020, the ALJ denied Ms. Cook's claim in a written decision. (*Id.* 12-24). The ALJ determined that although Ms. Cook had severe impairments, including schizoaffective

---

[1] With the consent of the parties, this case was assigned to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c).

disorder, major depressive disorder, generalized anxiety disorder, and polysubstance dependence, none of them met or exceeded a listed impairment. (*Id.* 17-19). She also determined that Ms. Cook retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following limitations:

> [she] has the ability to concentrate, persist, and remain on task and pace and adapt to simple, routine, and repetitive tasks, which may require detailed instructions but do not involve complex tasks. The claimant can concentrate, persist, and remain on task and pace to adapt to work in an environment that is free of fast-paced production requirements and involves only simple, work-related decisions with few, if any, work place changes. She can have no public interaction. She can work around co-workers, but with only occasional interaction with co-workers and supervisors.

(*Id.* 19). The ALJ found that although Ms. Cook could not perform her past relevant work, she could perform work as a laundry worker, industrial cleaner, or detailer. (*Id*. 22-24).

Following the ALJ's decision, Ms. Cook filed an appeal with the Appeals Council. (*Id.* 171-73). The Appeals Council denied her request for review, leaving the ALJ's decision as the final decision of the Acting Commissioner. (*Id.* 1-5). Because Ms. Cook has exhausted all administrative remedies, judicial review is now appropriate under 42 U.S.C. §§ 405(g) and 1383(c)(3).

## II. Disability Determination and the Burden of Proof

The burden of establishing a disability as defined by the SSA in 42 U.S.C. § 423(d) and 1382c(a) rests on the claimant. *Simmons v. Massanari*, 264 F.3d 751, 754 (8th Cir. 2001); *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995). The SSA has established a five-step, sequential evaluation process for appraising whether a claimant is disabled and benefit-eligible. 20 C.F.R. §§ 404.1520 and 416.920; *see Swink v. Saul*, 931 F.3d 765, 769 (8th Cir. 2019); *see also Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007). The Commissioner must evaluate:

(1) whether the claimant is presently engaged in a substantial gainful activity;

> (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities;
> (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations;
> (4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and
> (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

*Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003) (citation omitted); *see also Perks v. Astrue*, 687 F.3d 1086, 1091-92 (8th Cir. 2012) (citation omitted). When a claimant "wins at the third step . . . [she] must be held disabled, and the case is over." *Lott v. Colvin*, 772 F.3d 546, 549 (8th Cir. 2014) (quoting *Jones v. Barnhart*, 335 F.3d 697, 699 (8th Cir. 2003)).

### III. Standard of Review

The Eighth Circuit requires the reviewing court to "determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole." *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006) (quotation omitted). "Substantial evidence is less than a preponderance [of the evidence]," in that it merely requires that a reasonable person find the evidence adequate to support the Commissioner's decision. *Id.* (quotation omitted); *see also Cox v. Barnhart*, 345 F.3d 606, 608 (8th Cir. 2003).

The reviewing court must find deficiencies that significantly undermine the ALJ's determination to reverse and remand. *Draper v. Barnhart*, 425 F.3d 1127, 1130 (8th Cir. 2005). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011) (quotation omitted). Significant inaccuracies or incomplete analyses in the ALJ's opinion may, however, serve as a basis for reversal. *Draper*, 425 F.3d at 1130 ("While a deficiency in opinion-writing is not a sufficient reason to set aside an ALJ's finding where the deficiency [has] no practical effect on the outcome

of the case, inaccuracies, incomplete analyses, and unresolved conflicts of evidence can serve as a basis for remand." (quotation omitted)).

## IV. Discussion

Ms. Cook raises one issue in her appeal before this Court. She argues that the ALJ erred at step three because she found that Ms. Cook's impairments did not meet or equal a presumptively disabling impairment listed in the regulations. (Doc. 18 at 28-35). The Court finds that remand is warranted because the record lacks substantial evidence to support the ALJ's conclusion.

At step three of the five-step, sequential evaluation process, the ALJ must make a disability determination by evaluating whether a claimant's impairments meet or medically equal a listed impairment. 20 C.F.R. §§ 404.1520(d) and 416.920(a)(4)(iii). To do this, the ALJ must first find that the claimant's record contains evidence of specific conditions that constitute a listed impairment ("Paragraph A Criteria"). 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12(A)(2)(a). Then the ALJ must find that the claimant's mental disorder significantly limits her functioning in a work setting ("Paragraph B Criteria"), or that her mental disorder is "serious and persistent" ("Paragraph C Criteria"). *Id.* § 12(A)(2). For a mental disorder to be "serious and persistent" the record must contain a medically documented history of the disorder over a period of two years. *Id.* § 12(A)(2)(c). The Paragraph C Criteria also specifically requires evidence that an individual relies on ongoing treatment to diminish the "symptoms and signs of [a] mental disorder" and that the individual has "become unable to function outside of [her] home or a more restrictive setting, without substantial psychosocial supports." *Id.* §§ 12(G)(2)(b)-(c).

Here, the ALJ found that Ms. Cook had several severe impairments, thus satisfying the Paragraph A Criteria. (AR 17). In contrast, the ALJ found that Ms. Cook's impairments did not satisfy the Paragraph B Criteria, as her impairments did not significantly impact her functioning

in a work setting. (*Id.* 18). However, the ALJ was less thorough in her evaluation of the Paragraph C Criteria, stating only that "the evidence fails to establish the presence of the 'paragraph C' criteria . . . [and] the claimant's representative did not contend that the claimant's impairments meet or medically equal a listing." (*Id*. 18-19). In fact, at the hearing on August 26, 2020, Ms. Cook's counsel specifically stated that Ms. Cook meets "both B and C of [the] listing . . . [and she] is undergoing significant . . . wraparound services . . . from Compass Health, which is consistent with . . . C." (*Id*. 60).

The ALJ's conclusion regarding the Paragraph C Criteria is not supported by substantial evidence. Ms. Cook has a well-documented history of mental disorders, beginning in late 2017 when she sought treatment from Dr. Christopher Maxwell for her anxiety and depression. (*Id.* 295). She also received treatment from Dr. Jerry Morris for her schizoaffective and depressive disorders in 2018. (*Id*. 466-70). Additionally, she was hospitalized for suicidal ideation on three occasions in 2018 and 2019. (*Id*. 448, 535, 569). Ms. Cook's ongoing treatment included monthly medication evaluations, weekly individual therapy sessions, half-day group therapy sessions three to five times per week, and caseworker oversight that included home visits to coordinate care and assist with daily activities. (*Id.* 645-60, 691-813, 834-35; *see also Smith v. Saul*, No. 1:19-cv-00048-SRC, 2020 WL 5107343, at *4-6 (E.D. Mo. Aug. 31, 2020) (holding that the Paragraph C Criteria was satisfied despite the claimant's intermittent periods of stability)). The significant ongoing support that Ms. Cook received, and her repeated hospitalizations resulting from suicidal ideation when the support was absent, may satisfy the Paragraph C Criteria. *See Myers v. Colvin*, 721 F.3d 521, 526 (8th Cir. 2013) (holding that the Paragraph C Criteria may be satisfied by evidence of an ongoing "inability to function outside a highly supported living arrangement" that "greatly reduce[s] the mental demands placed on the claimant" (quotations omitted)). The ALJ's

failure to consider whether Ms. Cook's impairments satisfy the Paragraph C Criteria requires remand.

## V. Conclusion

For the reasons set forth herein, the Court finds the Acting Commissioner's determination that Ms. Cook was not disabled is not supported by substantial evidence in the record. The decision is reversed and remanded for further consideration and development of the record.[2] Judgment shall be entered in accordance with this Order.

Accordingly,

IT IS, THEREFORE, ORDERED that the decision of the Acting Commissioner is reversed and remanded for further consideration and development of the record, as set forth herein.

Dated this 5th day of April, 2022, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
United States Magistrate Judge

---

[2] If the Acting Commissioner's decision is reversed, the case should ordinarily be remanded for further proceedings "out of our abundant deference to the ALJ." *Buckner v. Apfel*, 213 F.3d 1006, 1011 (8th Cir. 2000) (quotation omitted). An immediate finding of disability is warranted only "if the record overwhelmingly supports such a finding." *Id.* (citation and quotation omitted).